IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
SEP 3 0 2024
CLERK, U.S. DIST...
NORTHERN DIST...
CLEVE...

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| Plaintiff, ) | |
| ) | CASE NO. 1:24 CR 00362 |
| v. ) | Title 26, United States Code, |
| LARRY KEITH GILDERSLEEVE III, ) | Section 7202 |
| Defendant. ) | JUDGE ADAMS |

GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. Defendant LARRY KEITH GILDERSLEEVE III and Person 1 were a married couple residing in the Northern District of Ohio, Eastern Division.

2. Progressive Alternatives ("PA") was a sole proprietorship operating in and around Lake County and Ashtabula County, Ohio, in the Northern District of Ohio, Eastern Division. PA provided in-home care for individuals with disabilities.

3. Defendant purchased PA in or around February 2011.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers such as PA are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Indictment

collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

7. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. Defendant exercised control over PA's financial affairs by, among other acts, being PA's owner; having ultimate responsibility for PA's finances, including by signing or causing the signing of checks and having signatory authority on PA's bank account; by authorizing payroll payments to employees and withholdings from those payments, purportedly to pay over withheld trust fund taxes to the IRS; and by issuing or causing PA to issue Forms W-

2 to PA employees. Accordingly, Defendant was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for PA's employees.

## COUNTS 1 – 8
(Failure to Account for and Pay Over Taxes, 26 U.S.C. § 7202)

The United States Attorney charges:

10. The allegations contained in paragraphs 1 through 9 of this Information are realleged and incorporated by reference as if stated fully herein.

11. At the time Defendant purchased PA in or around February 2011, PA's previous owner advised Defendant of his responsibility for and the importance of timely paying over trust fund taxes.

12. From in or around 2011 through in or around 2019, Defendant signed or caused to be signed payroll checks reflecting that PA had withheld trust fund taxes from employees' wages.

13. From in or around 2011 through in or around 2019, Defendant issued or caused PA to issue and deliver IRS Forms W-2 to PA employees indicating that PA had withheld trust fund taxes from employees' wages for the respective tax years.

14. From in or around 2011 through in or around 2019, Defendant never filed or caused to be filed Forms W-2 for PA employees.

15. From in or around 2011 through in or around 2019, Defendant never filed or caused to be filed with the IRS the required Forms 941 to report the collection of trust fund taxes for PA employees.

16. From in or around 2011 through in or around 2019, Defendant never paid over or caused to be paid over PA's withheld trust fund taxes to the IRS.

3

17. Beginning in or around 2013 or 2014, Defendant gave Person 1, a PA employee, authority to issue payroll checks and handle PA's finances. However, Defendant remained PA's owner and the signatory on PA's bank account and continued to have the authority required to exercise significant control over PA's financial affairs.

18. In or around October 2017, Person 2, a PA employee who was seeking to retire, learned from the Social Security Administration that PA had not paid over PA's trust fund taxes. Shortly thereafter, Person 2 made Defendant and Person 1 aware that PA had not been paying trust fund taxes.

19. Even after being on notice in or around October 2017 that trust fund taxes withheld by PA had not been paid over to the IRS, neither Defendant nor Person 1 ever filed or caused to be filed Forms 941 or W-2, or paid over or caused to be paid over the withheld trust fund tax amounts to the IRS.

20. On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant LARRY KEITH GILDERSLEEVE III, who was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of PA the trust fund taxes imposed on its employees by the Internal Revenue Code, did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of PA, each quarter constituting a separate count of this Information:

| Count | Calendar Quarter Ending | Due Date of Form 941 | Total Quarterly Unpaid Trust Fund Taxes |
|---|---|---|---|
| 1 | December 31, 2017 | January 31, 2018 | $ 112,616.50 |
| 2 | March 31, 2018 | April 30, 2018 | $ 114,070.75 |
| 3 | June 30, 2018 | July 31, 2018 | $ 114,070.75 |
| 4 | September 30, 2018 | October 31, 2018 | $ 114,070.75 |

| Count | Calendar Quarter Ending | Due Date of Form 941 | Total Quarterly Unpaid Trust Fund Taxes |
|---|---|---|---|
| 5 | December 31, 2018 | January 31, 2019 | $ 114,070.75 |
| 6 | March 31, 2019 | April 30, 2019 | $ 41,356.00 |
| 7 | June 30, 2019 | July 31, 2019 | $ 41,356.00 |
| 8 | September 30, 2019 | October 31, 2019 | $ 41,356.00 |
| | | TOTAL | $ 692,697.50 |

All in violation of Title 26, United States Code, Section 7202.

REBECCA C. LUTZKO
United States Attorney

By: *Michael L. Collyer* (signature)

Michael L. Collyer
Chief, Criminal Division